IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEWAYNE WILLIAMS<br>248 Spruce Avenue, Sharon, PA 16146<br><br>   Plaintiff,<br><br>  v.<br><br>Dairy Farmers of America<br>925 PA-18, New Wilmington, PA 16142<br><br>And<br><br>Career Advantage, Inc.<br>30 Snyder Road, #1, Hermitage, PA 16148<br><br>   Defendants. | JURY TRIAL DEMANDED<br><br>CASE NO.  21-435 |

## CIVIL ACTION COMPLAINT

### I.  NATURE OF CLAIM

1.  Plaintiff, Dewayne Williams, brings this action against his former employers Defendant, Dairy Farmers of America, ("DFA") and Career Advantage, Inc. ("Career Advantage") for unlawfully terminating him, and retaliating against him, in violation of the Title VII and Section 1981 of the Civil Rights Act.

### II.  PARTIES

2.  Plaintiff, Dewayne Williams, is an individual and citizen of the Commonwealth of Pennsylvania. He resides at 248 Spruce Avenue, Sharon, Pennsylvania 16146.

3.  Defendant, DFA employed Williams at 925 PA-18, New Wilmington, Pennsylvania 16142.

4.  Defendant, Career Advantage, employed Williams at 30 Snyder Road, #1, Hermitage, PA 16148.

1

5.	At all times relevant, Defendants and their respective agents, employees and representatives were the agents, employees or representatives of each other and as such their joint interaction, relationship, and joint or related actions regarding Plaintiff's employment, and with respect to any of their actions which give rise to or relating in any way to any and all wrongful or unlawful acts as alleged herein, are such that they must be held as joint employers under all applicable laws.

6.	At all times relevant to this Action, Defendants employed or upon information and belief employed more than 15 employees.

7.	At all times relevant to this Action, Defendants acted by and through their respective authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of their respective businesses.

8.	At all times relevant to this Action, the Defendants were an employer within the meaning of Title VII and Section 1981 of the Civil Rights Act.

9.	At all times relevant to this Action, Plaintiff was an employee within the meaning of Title VII and Section 1981 of the Civil Rights Act.

### III.	JURISDICTION AND VENUE

10.	Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

11.	Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in the Western District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

12. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit A and Exhibit B, true and correct copies of the "right-to-sue" letters issued by the Equal Employment Opportunity Commission.)

13. Plaintiff has complied with all administrative prerequisites for the commencement of this action.

### IV. FACTUAL ALLEGATIONS

14. Williams was employed by Defendant Career Advantage of Northwest Pennsylvania about April 2019.

15. Career Advantage provided staffing solutions to DFA.

16. Williams was placed by Career Advantage at DFA at its New Wilmington, Pennsylvania facility on or about March 20, 2020.

17. Williams' responsibilities included constructing boxes and packing product in the boxes, inspecting product and packaging for foreign material and imperfections, removing packaging material from rejected cheese, and preparing cheese for repackaging.

18. During his assignment, Williams reported directly Team Lead, Lonnie Goodrum, who, in turn, reported to Craig Long.

19. From the inception of his employment at the DFA facility through his termination, Mr. Williams was subjected to an outrageous racially hostile work environment being harassed due to his race.

20. Williams was subjected to highly offensive monikers being called or referred to as "nigger."

21. Additionally, he was unduly harassed and/or "pranked" by having his personal belongings hidden and otherwise inappropriately interfered with due to his race.

3

22. Williams repeatedly complained to management including the DFA line leader, DFA plant supervisor, and the DFA human resources department on more than one occasion, to no avail.

23. Despite his complaints, Defendants took no steps to investigator or resolve the outrageous treatment to which Mr. Williams was subjected to during his employ.

24. Not long after his complaints to DFA management regarding the racially hostile discrimination he was subjected to in the workplace, he was abruptly terminated for "poor performance", notwithstanding the being repeatedly told by the aforementioned supervisor personnel that he was doing an "awesome job."

25. As a result of the treatment he received, Mr. Williams suffered severe emotional distress in being treated in such a fashion in the workplace and by management in response to his complaints and abruptly firing him on April 21, 2020.

26. The refusal of Defendants to immediately remediate or otherwise end the racially motivated discriminatory harassment in the workplace directed at Mr. Williams and then to retaliate against him in terminating his employment and complaining of such conduct is in direct violation of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act.

### COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))
### (Plaintiff v. Defendants)

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28. Defendants took adverse action against Plaintiff by terminating his employment.

29. Plaintiff's status as an African-American man places him in a protected class.

30. Defendants were aware of Plaintiff's membership in a protected in a protected class as an African-American Male.

31. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to harassment, promote the harassment of, and eventually terminate his employment.

32. Plaintiff suffered disparate treatment by Defendants, as set forth above.

33. As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

34. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

35. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

36. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys' fees and court costs.

### COUNT II – TITLE VII CLAIM—RETALIATION
### (42 U.S.C.A. § 2000e-3(a))
### (Plaintiff v. Defendants)

37. Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

38. As set forth above, Plaintiff made several complaints about racial discrimination in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

5

39. Defendants took adverse action against Plaintiff by terminating his employment.

40. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate his employment.

41. As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

42. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT V**
**DISCRIMINATION AND RETALIATION**
**(42 U.S.C. § 1981)**
**(Plaintiff v. Defendants)**

45. Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

46. Defendants created a hostile work environment by allowing Plaintiff to be subjected to racial slurs and harassment in the workplace.

47. Plaintiff complained to Defendants regarding the discriminatory comments, racial slurs and harassment Plaintiff's co-workers would make to Plaintiff.

48. Plaintiff's status as an African-American is a protected class.

49. Plaintiff's membership in a protected class and engaging in protected activity were motivating factors in Defendants' decision to harass and ultimately terminate Plaintiff' employment.

50. Plaintiff suffered disparate treatment by Defendants, as set forth above.

51. As set forth above, Plaintiff made several complaints about discrimination in the workplace and as such, Plaintiff was engaged in protected activity under Section 1981 of the Civil Rights Act.

52. Defendants took adverse action against Plaintiff by terminating his employment.

53. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate his employment.

54. As such, Defendants' decision to harass and ultimately terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 1981.

55. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

## **JURY TRIAL**

56. Plaintiff demands a trial by jury on all claims triable by a jury in this lawsuit.

## **RELIEF**

WHEREFORE, Plaintiff, Dewayne Williams, seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a. declaring the acts and practices complained of herein to be in violation of Title VII and Section 1981 of the Civil Rights Act;

b. enjoining and restraining permanently the violations alleged herein;

c. awarding Plaintiff back-pay;

d. awarding Plaintiff front-pay;

e. awarding interest;

f. awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

g. awarding punitive damages;

h. awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

i. awarding Plaintiff such other damages as are appropriate under Title VII and Section 1981 of the Civil Rights Act;

j. granting such other and further relief as this Court deems appropriate.

DATE: April 2, 2021        **LAW OFFICES OF ERIC A. SHORE, P.C.**

　　　　　　　　　　　　　　　　BY: _/s/ Kayla H. Drum, Esq._
　　　　　　　　　　　　　　　　**Kayla H. Drum, Esquire** (P.A. ID 317764)
　　　　　　　　　　　　　　　　Two Penn Center, Suite 1240
　　　　　　　　　　　　　　　　1500 John F. Kennedy Boulevard
　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　Telephone: (412) 567-9571
　　　　　　　　　　　　　　　　Telefax: (412) 567-4995
　　　　　　　　　　　　　　　　Email: Kayla D@EricShore.com
　　　　　　　　　　　　　　　　*Attorney for Plaintiff, Dewayne Williams*